No. 417

CLEVELAND UNION TERMINALS CO., et. v. CONSOLIDATED OIL CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7396. Decided May 16, 1927

626. INDEPENDENT CONTRACTOR — Where engineers of corporation have control, supervision and management of construction, a construction company doing the work is not such an independent contractor as would relieve said corporation from liability.

28. ACT OF GOD—Even though rain-fall was extraordinary, the fact that injury was made possible to property adjoining that of railroad by reason of a large cut having been excavated would make the railroad company liable.

First Publication of this Opinion

VICKERY, J.

The Consolidated Oil Co. brought an action against the Cleveland Union Terminals Co. and the Richley Construction Co. in the Cuyahoga Common Pleas to recover damages by reason of injury to its property which is located near the Big Four Railroad tracks. Judgment was rendered in favor of the Oil Co. in the sum of $6,000.

It seems that sometime in June, 1924 the

plaintiffs in error were engaged in constructing and grading a track across West 25th street and had excavated a large cut about 30 feet under the surface of West 25th street. This cut was about 300 feet wide and extended both east and west of said street. In making the cut, the contractor, the Richley Co., had come in contact with a sewer which emptied into a sewer on W. 25th and consequently both sewers were interrupted. In order to take care of the flow, a bulkhead was constructed as was also a flume to run the water flow into another nearby sewer.

The Oil Co. property was about 700 feet from where the cut was made and the land was much lower than it was on West 25th Street; and the Big Four Railroad had a steep grade running by the Oil Co. property.

On June 29, 1924, it was alleged that there was a tremendous storm so that the sewers on Monroe St. and West 25th could not take care of all the surplus water; that water went over the streets and entered the cut and washed earth onto the Big Four Railroad which had a steep incline and precipitated large amounts of water, debris, sand, etc. on the property of the Oil Co. for which damages were sought to be recovered.

The Court of Appeals held:

1. The Terminals Co. claimed it was not liable because the Richley Co. was an independent contractor; but the record discloses that all of the work was under the control of the Terminals Co. engineers, and the work was done at their direction, so that the Terminals Co. would not be relieved from liability.

2. The record does not bear out the claim of plaintiffs in error that this was an unprecedented rain-fall and an Act of God. The record is to the effect that a rain storm equal to this was frequent in Cleveland; but even if it were an extraordinary rain-fall, there would have been no damage to the Oil Co. property had it not been for the excavation or cut made by plaintiffs in error.

3. It was argued that this injury could not be safely guarded against, that the work was a great public improvement and that the rain fall might almost be regarded as an act of God, that they could not take care of the fall of rain and therefore, there would be no liability against them.

4. The record shows however that in the sewer to which the flow from Monroe St. and West 25th Street had been diverted, there could have been put in a catch basin where the sewer was broken off at West 25th St., as was afterwards done.

5. Of course "as was afterwards done" would not bear on the question of liability, but it shows that such a thing was possible.

Judgment therefore affirmed.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—Boyd, Cannon, Brooks & Wickham for Terminals Co.; Cook, McGowan, Foote Bushnell & Burgess for Richley Co.; Mark A. Copeland for Oil Co.; all of Cleveland.